# EXHIBITS A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK;
LIVERMORE COSTCO #146 and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

THOMAS SIMPSON AND SUE SIMPSON

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** |
| Superior Court of California |
| County of Alameda |
| **10/22/2024** |
| Chad Finke, Executive Officer / Clerk of the Court |
| By: _____ M. Cortez _____ Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hayward Hall of Justice

24405 Amador Street
Hayward, CA 94544

| CASE NUMBER: | |
| --- | --- |
| *(Número del Caso):* | 24CV096597 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andrew C. Bryman, Esq., Bryman & Apelian, APC  28632 Roadside Drive, Agoura Hills,  California  91301

DATE: 10/22/2024   Chad Finke, Executive Officer / Clerk of the Court   Clerk, by _____ , Deputy
*(Fecha)*                                                                      *(Secretario)*                          M. Cortez          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   Costco Wholesale Corporation

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):*  11-5-24

Page 1 of 1

| | | |
| --- | --- | --- |
| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

Andrew C. Bryman, SBN#97457
Brendon Norton, SBN# 297033
LAW OFFICE OF BRYMAN & APELIAN
A Professional Corporation
28632 Roadside Drive, Suite 200
Agoura Hills, CA  91303
Telephone:    (818) 225-5151
Facsimile:    (818) 225-5155
Email: Andrew@LawyersBA.com; Bnorton000@gmail.com; Acbsecretary@LawyersBA.com
Attorneys for Plaintiffs, Thomas Simpson and Sue Simpson

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**10/22/2024 at 01:50:25 PM**
By: Milagros Cortez,
Deputy Clerk

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA, HAYWARD HALL OF JUSTICE**

| | |
|---|---|
| THOMAS SIMPSON AND SUE SIMPSON <br><br> Plaintiffs, <br><br> v. <br><br> ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO.: **24CV096597** <br><br> **COMPLAINT FOR DAMAGES FOR:** <br><br> 1. Negligence <br> 2. Strict Product Liability <br> 3. Negligence Product Liability <br> 4. Breach Of Express and Implied Warranties <br> 5. Loss of Consortium <br><br> **DEMAND FOR JURY TRIAL** <br><br> [UNLIMITED CIVIL ACTION] |

Plaintiffs, THOMAS SIMPSON and SUE SIMPSON, hereby allege as follows:

**GENERAL ALLEGATIONS**

Plaintiff, THOMAS SIMPSON and SUE SIMPSON by and through the undersigned counsel, hereby brings this Complaint for Damages against Defendants' ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOES 1 through 100, inclusive.

1.    Plaintiffs THOMAS SIMPSON and SUE SIMPSON are now, and at all times

1

mentioned herein were, residents of the County of Alameda, State of California.

2.      Plaintiffs are informed and believe and thereon allege that at all time relevant hereto, Defendant ICON HEALTH & FITNESS; and DOES 1-100, inclusive and each of them, are believed to be a corporation, organized and existing under and by virtue of the laws of the State of Utah and were doing business on and before June 6, 2024 throughout the state of Utah including at 1500 South 1000 West, Logan, UT 84321.

3.      Plaintiffs are informed and believe and thereon alleges that at all time relevant hereto, Defendant IFIT INC; and DOES 1 through 100, inclusive and each of them, are believed to be a corporation, organized and existing under and by virtue of the laws of the State of Utah and were doing business on and before June 6, 2024 throughout the state of Utah including at 1500 South 1000 West, Logan, UT 84321.

4.      Plaintiffs are informed and believes and thereon alleges that at all time relevant hereto, Defendant NORDIC TRACK; and DOES 1 through 100, inclusive and each of them, are believed to be a corporation, organized and existing under and by virtue of the laws of the State of Utah and were doing business on and before June 6, 2024 throughout the state of Utah including at 1500 South 1000 West, Logan, UT 84321.

5.      Plaintiffs are informed and believes and thereon alleges that at all time relevant hereto, Defendant LIVERMORE COSTCO #146; and DOES 1 through 100, inclusive and each of them, are believed to be a corporation, organized and existing under and by virtue of the laws of the State of California and were doing business on and before June 6, 2024 throughout the state of California including at 2800 Independence Drive, Livermore, CA 94551.

6.      ICON HEALTH & FITNESS has its principal office at 1500 South 1000 West, Logan, UT 84321.

7.      IFIT INC has its principal office at 1500 South 1000 West, Logan, UT 84321.

8.      NORDIC TRACK has its principal office at 1500 South 1000 West, Logan, UT 84321

9.      LIVERMORE COSTCO #146 has its principal office at 2800 Independence Drive, Livermore, CA 94551.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

10. At this time, Plaintiffs are ignorant of true names or capacities, whether individual, corporate, associate or otherwise, of the fictitiously named Defendants DOES 1 through 100, inclusive, who therefore sues said persons by such fictitious names. When such time as the true names and capacities of the fictitiously named Defendants, and each of them, are ascertained, Plaintiffs will ask leave of the court to amend this Complaint to insert their true names and capacities.

11. Plaintiffs are informed and believe and based thereon allege that each of the Defendants designated herein as Does 1 through 100 is responsible in some manner for the events and happenings herein referred to and negligently, wantonly, recklessly, tortuously and/or unlawfully proximately caused injuries and damages thereby to Plaintiff, as herein alleged.

12. Plaintiffs are informed and believe and based thereon allege that at all times herein mentioned each of the Defendants sued herein as a DOE was the agent and employee of each of the other Defendants and was at all times acting within the purpose and scope of such agency and employment.

13. The incident giving rise to Plaintiff Thomas Simpson occurred on June 6, 2024, Plaintiff was walking on his Nordic Tack treadmill purchased from the Livermore Costco #146 located at the Plaintiff's residence 16659 Springbrook Lane, Castro Valley, CA 94552 when the treadmill inadvertently and unintentionally had a speed surge causing the Plaintiff to fall off of the treadmill in which he contacted the moving belt and suffered a third degree burn. The Subject product is a Nordic Track Elite 1000 treadmill; Model Number: NTL89122.0; Serial No.: PP340C0002006.

14. As a direct result and consequence of the negligent acts/omissions of each of the Defendants herein described, Plaintiff has been damaged in an amount in excess of the jurisdictional minimum of the Superior Court.

## FIRST CAUSE OF ACTION BY PLAINTIFF

## AGAINST DEFENDANT IFIT INC. AND DOES 1 THROUGH 100, INCLUSIVE,

## FOR NEGLIGENCE

3

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

15.   Plaintiffs incorporate by reference herein paragraphs 1 through 14, inclusive, of this Complaint.

16.   At all times herein mentioned Defendant IFIT INC. and Does 1 through 100, inclusive, at 1500 South 1000 West Logan, Utah 84321 was a maintenance and repair company specializing in Treadmill service. On multiple occasions before the date of Plaintiff's incident this company went to the premises of Plaintiffs for service calls. These calls related to complaints concerning inadvertent and unintentional speed surges. Services were performed pursuant to an Extended Service Plan. This Defendant promised the Plaintiffs safe service and the Plaintiffs relied on their representation regarding Defendants services.

17.   As a direct result of the negligence, carelessness, and/or unlawful conduct of Defendant IFIT INC. and Does 1 through 100, inclusive, the services were performed carelessly and did not eliminate the speed surge issue. Plaintiff's resulting injuries, prevent him from attending to his usual occupation and Plaintiff is informed and believes, and thereon alleges, that he will be prevented from attending to his usual occupation for a period in the future thereby sustaining loss of earnings and earning capacity.

**SECOND CAUSE OF ACTION BY PLAINTIFF**

**AGAINST DEFENDANTS ICON HEALTH & FITNESS; IFIT INC.; NORDIC**

**TRACK; LIVERMORE COSTCO #146 and DOES 1 through 100, inclusive,**

**FOR STRICT PRODUCT LIABLITY**

18.   Plaintiffs incorporates by reference herein paragraphs 1 through 17, inclusive, of this Complaint.

19.   At all times herein mentioned, Defendants ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOE 1 through 100, inclusive, was the manufacturer designer and/or seller of the subject treadmill.

20.   The aforementioned treadmill was not properly manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, leased, modified, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, maintained, or repaired the

4

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Subject treadmill. Said treadmill, Nordic Track Elite 1000 treadmill; Model Number: NTL89122.0; Serial No.: PP340C0002006 had inherent defects both in design and manufacturing due to, among other things, the following: Defendant provided the Subject treadmill which as a consequence of a defect in design and or manufacturing allowed speed surges which were unexpected by the user causing Plaintiff Thomas Simpson to be thrown from the treadmill when it was being used in a foreseeable manner. The fall sequence caused Plaintiff Thomas Simpson leg to strike the belt on the treadmill as it was running causing third degree burns to Plaintiff Thomas Simpson who is diabetic. Said treadmill did not incorporate appropriate safety guards and/or safety devices and warnings, including, but not limited to electrical and or mechanical components to prevent speed surges.

21.    Defendants ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOE 1 through 100, inclusive, and each of them, knew that the treadmill, was to be purchased, and used without inspection for defects, by users and the general public.

22.    Said treadmill was unsafe for its intended use by reason of defects in its design and or manufacture in that when the subject treadmill was used by Plaintiff as intended, or in a reasonably foreseeable manner, the treadmill caused serious injuries and damages, as hereinabove set forth, due to the following defects: Said treadmill did not incorporate appropriate safety guards and/or safety devices or warnings and lacked other appropriate feasible, practical and desirable safety guards and/or safety devices to prevent injury and speed surges. Said defects made the treadmill dangerous, defective, hazardous and unsafe for its intended use by Plaintiff or for reasonably foreseeable misuses. Defendants ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOE 1 through 100, inclusive, expressly and impliedly promised to the user and/or consumer that said product and/or its component parts was safe for the use for which it was intended. The product did not perform the way a consumer would expect and the benefits of the design were outweighed by the risk of injury.

23.    Plaintiffs relied on the skill and judgment of Defendants ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOE 1 through 100,

inclusive, and each of them, as a user of the treadmill, and on the date previously mentioned was a user of said product when said product was being used in a foreseeably intended manner.

24. As a proximate result of the breach above, Plaintiff sustained the injuries and damages previously set forth.

**THIRD CAUSE OF ACTION BY PLAINTIFF**

**AGAINST DEFENDANTS ICON HEALTH & FITNESS; IFIT INC.; NORDIC**

**TRACK; LIVERMORE COSTCO #146 and DOES 1 through 100, inclusive,**

**FOR NEGLIGENCE PRODUCT LIABLITY**

25. Plaintiffs incorporates by reference herein paragraphs 1 through 24, inclusive, of this Complaint.

26. Defendants ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOE 1 through 100, inclusive, was the manufacturer and designer of the subject treadmill.

27. At all times herein mentioned, Defendants ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOE 1 through 100, inclusive, distributor, sold and provided the treadmill.

28. At all times herein Defendants ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOE 1 through 100, inclusive, had a duty to properly design, manufacture, sell, test, use, operate, maintain, repair, modify, evaluate for safety, inspect and warn regarding the subject treadmill, and its component parts, which caused Plaintiff's injuries.

29. At all times herein mentioned, Defendants ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOE 1 through 100, inclusive, knew or in the exercise of reasonable care should have known, that said Defendants treadmill was negligently repaired, designed, manufactured, sold, tested, leased, modified, inspected, maintained, used, operated, repaired, contained inadequate warnings, was not safe, and did not incorporate a reasonably safe design when used in a foreseeable manner.

30. At all times herein mentioned, Defendants ICON HEALTH & FITNESS; IFIT

6

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOE 1 through 100, inclusive, so negligently designed, manufactured, repaired, sold, tested, inspected, modified, maintained, used, operated, repaired and warned regarding Defendants treadmill that said product was defective, dangerous and unsafe for the respective use and purpose for which it was intended when used by employees. The Plaintiff relied on the Defendants to provide a safe treadmill and Defendants promised to do so.

31. Defendants provided the Subject treadmill which as a consequence of a defect in design and or manufacture allowed speed surges which were unexpected by the user causing Plaintiff Thomas Simpson to be thrown from the treadmill when it was being used in a foreseeable manner. The fall sequence caused Plaintiff Thomas Simpson leg to strike the belt on the treadmill as it was running causing third degree burns to Plaintiff Thomas Simpson who is diabetic. Said treadmill did not incorporate appropriate safety guards and/or safety devices and warnings, including, but not limited to limit safety device to prevent speed surges.

32. Defendants ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOE 1 through 100, inclusive, specialized in the construction, care, use, operation, design and maintenance and repairs of the treadmill and held themselves out as being experts in regard to this type of equipment.

33. As a direct result of the negligence, carelessness and/or unlawful conduct of Defendants ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOE 1 through 100, inclusive, Plaintiff Thomas Simpson sustained severe injury to his leg. Plaintiff Thomas Simpson is informed and believes, and upon such information and belief alleges, that all these injuries have caused and continue to cause him great physical, mental and nervous pain and suffering and mental anguish, all to her general damage in a sum which has yet to be ascertained.

34. As a direct result of the negligence, carelessness, and/or unlawful conduct of Defendants ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOE 1 through 100, inclusive, Plaintiff Thomas Simpson was compelled to employ and did employ physicians and surgeons to treat and care for his, and did necessarily

7

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

become hospitalized and did necessarily incur and will in the future incur expenses for physicians and surgeons, hospitalizations and hospital facilities, nurses, x-rays, medicines, medical supplies, and other medically related expenses according to proof at trial.

35. As a direct result of the negligence, carelessness, and/or unlawful conduct of Defendants ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOE 1 through 100, inclusive, and the injuries caused thereby as aforesaid, Plaintiff Thomas Simpson did necessarily incur, and in the future will incur, incidental expenses and damages according to proof at trial.

### FOURTH CAUSE OF ACTION BY PLAINTIFF

### AGAINST DEFENDANTS ICON HEALTH & FITNESS; IFIT INC.; NORDIC

### TRACK; LIVERMORE COSTCO #146 and DOES 1 through 100, inclusive,

### FOR BREACH OF EXPRESS AND IMPLIED WARRANTIES

36. Plaintiffs incorporate by reference herein paragraphs 1 through 35, inclusive, of this Complaint.

37. At all times mentioned herein, on and prior to the date that the subject treadmill, was used, Defendants improper design made it dangerous and hazardous. ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOE 1 through 100, inclusive, expressly and impliedly warranted to the user that said product and/or its component parts was of merchantable quality and safe for the use for which it was intended.

38. Plaintiff relied on the skill and judgment of Defendants ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO #146 and DOE 1 through 100, inclusive, and each of them, and on the express and implied warranties of the Defendant, and each of them, as a user of the treadmill and on the date previously mentioned Plaintiff Thomas Simpson walking on his Nordic Track Elite 1000 treadmill when an unexpected speed surge caused Plaintiff Thomas Simpson to be thrown from the treadmills striking the moving belt causing a third degree burn when the treadmill was being used in a foreseeably intended manner.

39. Said treadmill was not safe for its intended use, or of merchantable quality as warranted by Defendants ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK;

8

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

LIVERMORE COSTCO #146 and DOE 1 through 100, inclusive, and each of them, in that upon normal use said product injured, as previously set forth. Defendants, and each of them, have been given notice of said breach of warranties with the filing of this action.

40.     As a proximate result of the breach of said express and implied warranties, Plaintiff Thomas Simpson sustained the injuries and damages previously set forth.

## FIFTH CAUSE OF ACTION BY PLAINTIFF

## AGAINST DEFENDANTS ICON HEALTH & FITNESS; IFIT INC.; NORDIC

## TRACK; LIVERMORE COSTCO #146 and DOES 1 through 100, inclusive,

## FOR LOSS OF CONSORTIUM

41.     Plaintiffs incorporates by reference herein paragraphs 1 through 40, inclusive, of this Complaint.

42.     Plaintiff Sue Simpson is the wife of Plaintiff Thomas Simpson.

43.     Prior to the injuries suffered by Plaintiff Thomas Simpson, as alleged herein, Plaintiff Thomas Simpson was able to and did perform all marital duties of a husband.

44.     As a direct legal result of the conduct of Defendants, and each of them, as described above, Plaintiff Thomas Simpson sustained severe and permanent injuries to his person.

45.     By reason of the injuries suffered by Plaintiff Thomas Simpson, he has been, and will continue to be, unable to perform certain marital duties and Plaintiff Sue Simpson has suffered, and is certain to suffer in the future, a loss of spousal consortium including, but not limited to, a loss of her husband's comfort, companionship, affection, society, solace and moral support; loss of sexual relations; and loss of her physical assistance in the operation and maintenance of the home in an amount according to proof.

**WHEREFORE**, Plaintiff prays for judgment against all Defendants, and each of them and DOES 1 through 100, as follows:

1.     General damages for loss of consortium according to proof;

2.     Incidental expenses and damages according to proof.

3.     Interest from the date of accident according to proof;

4.     Costs of suit incurred; and

5.     For such other and further relief as the Court deems just and proper.

9

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## **FIRST THROUGH FOUTH CAUSES OF ACTION:**

1. General damages for injuries to Plaintiff's mind and body according to proof;

2. Medical expenses, both past and future, according to proof;

3. Incidental expenses and damages according to proof;

4. Interest from the date of accident according to proof;

5. For costs of suit incurred;

6. This is an action for the breach of an obligation not arising from a contract, and Plaintiff therefore, pursuant to California Code Section 3288, seek interest in the discretion of the jury; and

7. For such other and further relief as the Court deems just and proper

DATED: <u>October 18, 2024</u>        **LAW OFFICE OF BRYMAN & APELIAN**
**A Professional Corporation**

By: *Andrew C. Bryman, Esq.*
ANDREW C. BRYMAN, ESQ.
BRENDEN M. NORTON, ESQ.
*Attorneys for* Plaintiffs
THOMAS SIMPSON AND SUE SIMPSON

---

10

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiffs, Thomas Simpson and Sue Simpson, hereby Demands Trial by Jury.

DATED: <u>October 18, 2024</u>

**LAW OFFICE OF BRYMAN & APELIAN**
**A Professional Corporation**

By: *Andrew C. Bryman, Esq.*
ANDREW C. BRYMAN, ESQ.
BRENDEN M. NORTON, ESQ.
*Attorneys for* Plaintiffs
THOMAS SIMPSON AND SUE SIMPSON

11
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Andrew C. Bryman, Esq. SBN #97457<br>LAW OFFICE OF BRYMAN & APELIAN<br><br>TELEPHONE NO.: 818-225-5151    FAX NO.: 818-225-5155<br>EMAIL ADDRESS: Andrew@LawyersBA.com; Acbsecretary@LawyersBA.com<br>ATTORNEY FOR *(Name):* Thomas Simpson, Sue Simpson | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>10/22/2024 at 01:50:25 PM<br>By: Milagros Cortez,<br>Deputy Clerk |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: HAYWARD HALL OF JUSTICE

CASE NAME:
THOMAS SIMPSON AND SUE SIMPSON vs. ICON HEALTH & FITNESS; IFIT INC, ET AL.

| **CIVIL CASE COVER SHEET**<br>[x] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $35,000)    $35,000 or less) | **Complex Case Designation**<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 24CV096597<br>JUDGE:<br>DEPT.: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[x] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* FIVE
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 22, 2024

Andrew C. Bryman                                 ▶ Andrew C. Bryman, Esq.
_____                    _____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.    **Page 1 of 2**

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

20

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br><br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>**10/22/2024**<br>Clad Flike, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>M. Cortez |
| PLAINTIFF(S):<br>Thomas Simpson  et al | |
| DEFENDANT(S):<br>ICON HEALTH & FITNESS et al | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>24CV096597 |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

ASSIGNED JUDGE: Karin Schwartz
DEPARTMENT: 20
LOCATION: Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612
PHONE NUMBER: (510) 267-6936
FAX NUMBER:
EMAIL ADDRESS: Dept20@alameda.courts.ca.gov

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**ASSIGNED FOR ALL PURPOSES TO**
**JUDGE** Karin Schwartz
**DEPARTMENT** 20

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

M. Cortez, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

SEAN P. MORIARTY, ESQ. (BAR NO. 196227)
ARLEN LITMAN-CLEPER, ESQ. (BAR NO. 289699)
CESARI, WERNER AND MORIARTY
75 Southgate Avenue
Daly City, CA 94015
Telephone: (650) 991-5126
Facsimile:   (650) 991-5134
smoriarty@cwmlaw.com
alitman@cwmlaw.com
6936-3-13-19
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION erroneously sued as LIVERMORE COSTCO #146

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| THOMAS SIMPSON and SUE SIMPSON,<br><br>Plaintiffs,<br><br>vs.<br><br>ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO # 146 and DOES 1though 100, inclusive,<br><br>Defendants. | Case No. 24CV096597<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION, erroneously sued as LIVERMORE COSTCO #146's ANSWER TO PLAINTIFFs' COMPLAINT** |

Defendant COSTCO WHOLESALE CORPORATION, erroneously sued as LIVERMORE COSTCO #146 ("Defendant") answers the unverified complaint of Plaintiffs THOMAS SIMPSON and SUE SIMPSON ("Plaintiffs") as follows:

**GENERAL DENIAL**

1.  Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiffs' Complaint and each and every cause of action therein.

2.  Defendant further denies that Plaintiffs have sustained any injury, damage, or loss by reason of any act or omission on the Part of Defendant, and specifically deny that Plaintiffs suffered any of the damages alleged in the Complaint.

-1-

3.  Defendant further denies that Plaintiffs are entitled to any relief against Defendant on any ground whatsoever and deny that Plaintiffs are entitled to damages against Defendant in any amount.

## AFFIRMATIVE DEFENSES

Defendant is informed and believes, and based on such information and belief, alleges the following affirmative defenses as to each and every cause of action in the Complaint. By alleging these affirmative defenses, Defendant is not in any way conceding that they bear the burden of proof or persuasion on any of these issues. Defendant reserves the right to supplement, amend, or modify these affirmative defenses, as appropriate, based on information obtaining during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

Defendant alleges that the Complaint, and each and every cause of action and part thereof, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

Defendant alleges that the injuries and damages of which plaintiffs complain were proximately caused by the negligence and fault of other defendants herein and without any fault or want of care on the part of this Defendant or on the part of any person or persons for whose acts this Defendant was or is legally responsible.

## THIRD AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs assumed the risk of the hazards alleged if any hazards here were.

## FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiffs failed to mitigate their damages with respect to the subject matter of this lawsuit.

//

-2-

## FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that damages if any, were proximately caused or contributed to by the negligence of Plaintiffs and Plaintiffs are barred from recovery or Plaintiffs recovery is reduced thereby.

## SIXTH AFFIRMATIVE DEFENSE

Defendant alleges Improper Venue on the basis that Plaintiffs are pursuing this matter in the improper court.

## SEVENTH AFFIRMATIVE DEFENSE

The alleged injuries and damages in question, if any, were the result of a misuse of the product in question, if any were the result of a misuse of the product in question.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant is entitled to contribution from any person whose negligence caused or contributed to the happening of the claimed incident or alleged damages, if it should be found that defendant is liable, which defendant expressly denies.

## NINTH AFFIRMATIVE DEFENSE

The product about which Plaintiffs complain was abused by Plaintiffs or permissive users of the product.

## TENTH AFFIRMATIVE DEFENSE

Defendant is not responsible for any damages, or percentage of damages, claimed by plaintiff as a result of the intentional acts or omissions of others, including Plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

-3-

The products sold by defendant, which product Plaintiffs allege was involved in the subject incident and which is the subject of this action, was not defective.

### TWELFTH AFFIRMATIVE DEFENSE

If Plaintiffs had sustained any injuries or incurred any damages, such injuries and damages were the result of intervening or superseding events, factors, occurrences modifications or conditions, which were in no way caused by defendant and for which defendant is not responsible or liable.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that a party other than itself modified, altered or failed to maintain the product, which is the subject matter of this action, and said modification, alteration or failure to maintain the product was the sole cause of Plaintiffs' injuries and/or damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

The product sold by defendant, which Plaintiffs allege was involved in the subject incident and which is the subject of this action, was not the cause of the subject incident.

### FIFTEENTH AFFIRMATIVE DEFENSE

The product sold by defendant, which Plaintiffs allege were involved in the subject incident and which is the subject of this action, was integrated into an end product, such that the component parts doctrine applies, and defendant cannot be found liable for any injuries sustained by the finished product.

### SIXTEENTH AFFIRMATIVE DEFENSE

The product with which Plaintiffs allegedly came in contact at the time that she sustained her injury was not supplied, sold, or otherwise provided by defendant, but rather was that of a third party for which defendant cannot be held liable.

-4-

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause therein, is barred by the equitable doctrine of Waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every cause therein, is barred by the equitable doctrine of Estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering under the Complaint, in whole or in part, because Plaintiffs have incurred no damages.

## TWENTIETH AFFIRMATIVE DEFENSE

The purpose of the alleged Contract was frustrated by unforeseen circumstances outside of the parties' reasonable expectations or control, thus excusing Defendant from performance thereunder.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statutes of limitation, including but not limited to, C.C.P. Sections 335, 335.1, 336, 337.1, 337.2, 337.3, 337.5, 337.6, 337.15, 338.1, 339, 339.5, 340, 340.1, 340.2, 340.3, 340.4, 340.5, 340.7, 340.9, 340.10, 340.15, 340.35, 341, 341.5, 342, 343, 344, 345, 346, 347, 348, 349, 349.1, 349.2 and 349.4.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.

-5-

Defendant reserves the right to assert additional defenses in the event discovery indicates that it would be appropriate.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The dispute as alleged in the Complaint is to be governed by the laws of the State of Washington pursuant to contractual agreement between the parties.

## PRAYER

Wherefore, Defendant prays for judgment as follows:

1.  That Plaintiffs take nothing by way of the Complaint;

2.  That the Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3.  That Defendant be awarded their costs of suit;

4.  That Defendant be awarded attorneys' fees pursuant to statute and/or contract; and

5.  For such other and further relief as the Court deems just and proper.

DATED: December 2, 2024           Respectfully submitted,

CESARI, WERNER AND MORIARTY

*/s/ Arlen Litman-Cleper*

By:_____

ARLEN LITMAN-CLEPER
Attorneys for Defendant
Costco Wholesale Corporation erroneously sued as
LIVERMORE COSTCO #146

-6-

**Proof of Service**

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is CESARI, WERNER AND MORIARTY, 75 Southgate Avenue, Daly City, California, 94015. On December 3, 2024, I served the within document:
**DEFENDANT's ANSWER TO COMPLAINT**

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (650) 991-5134 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached** or ☐ **will be filed separately with the court**.

☒ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person(s) at the electronic service address(es) listed below. Such document(s) were transmitted *via* electronic mail from the electronic address:__sxu@cwmlaw.com ☒ in portable document format ("PDF") Adobe Acrobat or ☐ in Word document format.

☐ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the Cesari Werner & Moriarty for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached** or ☐ **will be filed separately with the court.**

Andrew C. Bryman, SBN 97457
Brendon Norton, SBN 297033
Law Office of Bryman & Apelian
28632 Roadside Drive, Suite 200
Agoura Hills, CA, 91303
*Attorney for Plaintiffs,*
*Thomas Simpson and Sue Simpson*

Tel: 818-225-5151 | Fax: 818-225-5155
Email:  Andrew@lawyersba.com;
Bnorton000@gmail.com;
Acbsecretary@lawyersba.com

I declare under penalty of perjury that the above is true and correct.

Executed on December 3, 2024, at Daly City, California.

-7-

-8-

*Sandra Xu*
Sandra Xu

SEAN P. MORIARTY, ESQ. (BAR NO. 196227)
ARLEN LITMAN CLEPER, ESQ. (BAR NO. 289699)
CESARI, WERNER AND MORIARTY
75 Southgate Avenue
Daly City, CA 94015
Telephone: (650) 991-5126
Facsimile:   (650) 991-5134
smoriarty@cwmlaw.com
alitman@cwmlaw.com
6936-3-13-19
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION, erroneously sued as LIVERMORE COSTCO #146

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SIMPSON and SUE SIMPSON,<br><br>Plaintiffs,<br><br>vs.<br><br>ICON HEALTH & FITNESS; IFIT INC.; NORDIC TRACK; LIVERMORE COSTCO # 146 and DOES 1though 100, inclusive,<br><br>Defendants | Case No.<br><br>[Former Alameda Superior Court Case No. 24CV096597]<br><br>**DEFENDANT COSTCO WHOLESALE CORPORATION, erroneously sued as LIVERMORE COSTCO #146's NOTICE OF REMOVAL OF CIVIL ACTION TO THE U.S. DISTRICT COURT**<br><br>Complaint Filed: 10/22/2024 |

**TO THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THIER ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION, erroneously sued as LIVERMORE COSTCO #146  ("Defendant") hereby removes Case No. 24CV096597, filed and pending in the Superior Court of the State of California for the County of Alameda, to the United States District Court for the Northern District of California, San Francisco Division, pursuant to 28 U.S.C. § 1441(a); § 1332(a); § 1446 (b)(1) and § 1446 (b)(3)

Removal is appropriate under 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000, and notice is properly and timely filed. Removal is proper for the following additional reasons:

-1-

## I. BACKGROUND

1. On October 22, 2024, Plaintiffs THOMAS SIMPSON and SUE SIMPSON, (hereinafter "Plaintiffs") filed a complaint (hereinafter "the Complaint") against Defendant in the Superior Court of California County of Alameda, Case No. 24CV096597 (hereinafter the "State Court Action"). (See **Exhibit A**.)

2. On December 3, 2024, Defendant filed its Answer to Plaintiffs' Complaint in Alameda County Superior Court. (See **Exhibit A**.)

3. Pursuant to 28 U.S.C.A. § 1146(b) copies of all executed process, citation and other pleadings contained in the state court file are attached hereto as **Exhibit A**.

4. The Complaint alleges causes of action for Negligence, Strict Product Liability, Negligence Product Liability, Breach of Express and Implied Warranties and Loss of Consortium.

5. Defendant denies the substantive allegations of the Complaint and denies that it owes Plaintiffs anything by the Complaint but treats the Complaint's allegations as true for purposes of this Notice of Removal only. (*See*, Answer in **Exhibit A**.)

## II. TIMELINESS OF REMOVAL

6. This Notice of Removal is timely as it is filed within thirty days of service upon Defendant of the Complaint or other paper from which it could first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b); *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc*. 526 U.S. 344, 347 (1999) holding that the thirty-day deadline to remove commences upon service of the summons and complaint). Defendant received notice of service of process on November 5, 2024. (*See,* Transmittal Letter in **Exhibit B**.)

## III. BASIS FOR REMOVAL – DIVERSITY OF CITIZENSHIP

7. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1).  As set forth below, this action is removable pursuant to the provisions 28 U.S.C. § 1441(a) as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8. On information and belief, Plaintiffs are citizens and residents of California. For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer,* 29 F.3d 514, 520 (10th Cir. 1994).

9. Neither Plaintiffs nor Plaintiffs' counsel have provided a different address or indicated that Plaintiffs do not intend to remain domiciled in California. Plaintiffs, therefore, are, and have been at all times since this action commenced, citizens of California.

10. Upon information and belief, Defendant ICON HEALTH & FITNESS, IFIT INC. and NORDIC TRACK is the same company, using different names and is a citizen of Uta with a principal place of business at 1500 South 1000 West Logan, UT. This Defendant is now, and was, at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. Section 1332(c)(1).

11. Defendant Costco Wholesale Corporation, erroneously sued as LIVERMORE COSTCO #146, is a citizen of Washington. Defendant is now, and was, at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. Section 1332(c)(1).

12. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." See also *Davis v. HSBC Bank Nevada, N.A*., 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)). At all relevant times, Defendant was, and still is, a Washington corporation with its principal place of business in Issaquah, Washington.

13. The United States Supreme Court in *The Hertz Corp. v. Friend* held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

-3-

We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." *And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center" ....*

559 U.S. 77, 92-93 (2010) (emphasis added).

14. Defendant Costco Wholesale Corporation's "nerve center" is in Washington because Issaquah, Washington, is the site of its corporate headquarters and executive offices, where its high-level officers direct, control, and coordinate its activities. Accordingly, Defendant is a citizen of the State of Washington for removal purposes.

15. Doe/Roe Defendants Are Disregarded. The presence of Doe/Roe defendants in this case has no bearing on diversity of citizenship for removal. 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of the naming of DOE 1 does not deprive this Court of jurisdiction.

## IV.  AMOUNT IN CONTROVERSY

16. While Defendant denies any liability as to Plaintiffs' claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.00. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996).

17. In this case, Plaintiffs claim severe leg injuries. Therefore, while Defendant denies any liability as to Plaintiffs' claims, the action has a likely damage in excess of $75,000.00, exclusive of interests and costs. Therefore, the requirement set forth in 28 U.S.C. § 1332 (a) is satisfied.

## V.      VENUE

18. Plaintiffs filed this action in the Superior Court of California, County of Alameda.

19. The County of Alameda lies within the jurisdiction of the United States District Court, Northern District of California. Therefore, without waiving Defendant 's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(b), 1441(a), and 1446(a).  This Court is the United States District Court for the district within which the State Court Action is pending.  Thus, venue lies in this Court pursuant to 28 U.S.C. §§ 1441(a), 1391.

**VI. PROCEDURAL REQUIREMENT FOR REMOVAL ARE SATISFIED**

20. Defendant will give notice of the filing of this Notice of Removal to Plaintiffs and to the Clerk of the Superior Court of the State of California, County of Alameda. This Notice of Removal is being served on all parties.

21. This Notice of Removal is being served on Plaintiffs and a copy will be filed with the Clerk of the Superior court of the State of California for the County of Alameda, as required by 28 U.S.C. § 1446(d).

22. The action being removed is not an action described in 28 U.S.C. § 1445.

23. Neither this same cause, nor a substantially similar complaint, has been previously filed in this Court, and therefore may open as an original proceeding.

24. Defendant consents to this Removal.

25. The facts set forth in this Notice of Removal were true at the time Plaintiffs initiated the State Court Action as well as at the time this Notice of Removal was filed.

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California.

///

///

///

DEFENDANT COSTCO WHOLESALE CORPORATION, erroneously sued as LIVERMORE COSTCO #146's'S NOTICE OF REMOVAL

-6-

DATED: December 3, 2024          Respectfully submitted,

                                 CESARI, WERNER AND MORIARTY

                                         */s/ Arlen Litman-Cleper*
                                 By:_____
                                         ARLEN LITMAN-CLEPER
                                          Attorneys for Defendant
                                 Costco Wholesale Corporation, erroneously sued as
                                        LIVERMORE COSTCO #146

**Proof of Service**

I am a resident of the State of California, over the age of 18 years, and not a party to the within action. My business address is CESARI, WERNER AND MORIARTY, 75 Southgate Avenue, Daly City, California, 94015. On December 3, 2024, I served the within document: **DEFENDANT COSTCO WHOLESALE CORPORATION, erroneously sued as LIVERMORE COSTCO #146's NOTICE OF REMOVAL OF CIVIL ACTION TO THE U.S. DISTRICT COURT**

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (650) 991-5134 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached** or ☐ **will be filed separately with the court**.

☒ **BY ELECTRONIC MAIL:** Based on a court order or an agreement of the parties to accept electronic service, I caused the documents to be sent to the person(s) at the electronic service address(es) listed below. Such document(s) were transmitted *via* electronic mail from the electronic address: sxu@cwmlaw.com ☒ in portable document format ("PDF") Adobe Acrobat or ☐ in Word document format.

☐ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the Cesari Werner & Moriarty for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached** or ☐ **will be filed separately with the court.**

Andrew C. Bryman, SBN 97457
Brendon Norton, SBN 297033
Law Office of Bryman & Apelian
28632 Roadside Drive, Suite 200
Agoura Hills, CA, 91303
*Attorney for Plaintiffs,*
*Thomas Simpson and Sue Simpson*

Tel: 818-225-5151 | Fax: 818-225-5155
Email: Andrew@lawyersba.com;
Bnorton000@gmail.com;
Acbsecretary@lawyersba.com

I declare under penalty of perjury that the above is true and correct.

Executed on December 3, 2024, at Daly City, California.

-7-

-8-

*Sandra Xu*

Sandra Xu

DEFENDANT COSTCO WHOLESALE CORPORATION, erroneously sued as LIVERMORE COSTCO #146's'S NOTICE OF REMOVAL

# EXHIBIT B

**Wolters Kluwer**

## Service of Process Transmittal Summary

**TO:**    John Sullivan, Corporate Counsel
Costco Wholesale Corporation
LEGAL DEPT., 999 LAKE DRIVE
ISSAQUAH, WA 98027-

**RE:**    **Process Served in California**

**FOR:**    Costco Wholesale Corporation  (Domestic State: WA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: THOMAS SIMPSON AND SUE SIMPSON // To: Costco Wholesale Corporation |
| **CASE #:** | 24CV096597 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 11/05/2024 at 12:52 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/06/2024, Expected Purge Date: 11/11/2024 |
| | Image SOP |
| | Email Notification,  Nicola Merrett  nmerrett@costco.com |
| | Email Notification,  John Sullivan  jsullivan@costco.com |
| | Email Notification,  Joey Borla  jborla@costco.com |
| | Email Notification,  Darius Blakeney  dblakeney@costco.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-401-8252<br>LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                          Tue, Nov 5, 2024
**Server Name:**                                   DROP SERVICE

| Entity Served | COSTCO WHOLESALE CORPORATION |
|---|---|
| Case Number | 24CV096597 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



6