1  Andrew C. Bryman, SBN#97457;
   Brenden M. Norton, SBN# 297033
2  **LAW OFFICE OF BRYMAN & APELIAN**
   A Professional Corporation
3  28632 Roadside Drive, Suite 200
   Agoura Hills, CA 91303
4  Telephone:    (818) 225-5151
   Facsimile:    (818) 225-5155
5  Email: Andrew@LawyersBA.com; Bnorton000@gmail.com; Acbsecretary@LawyersBA.com
6
7         Attorneys for Plaintiffs, THOMAS SIMPSON and SUE SIMPSON

8
   Keith A. Sipprelle, Of Counsel (CA Bar No. 143358)
9  David B. Van Etten, Of Counsel (CA Bar No. 119049)
   **LITTLETON JOYCE UGHETTA & KELLY LLP**
10 2945 Townsgate Road, Suite 200
   Westlake Village, CA 91361
11 Telephone:    213.599.8200
   Facsimile:    213.228.1980
12 Email: keith.sipprelle@littletonjoyce.com; david.vanetten@littletonjoyce.com
13
         Attorneys for Defendants iFIT, INC. (f/k/a ICON Health & Fitness, Inc.) and COSTCO
14       WHOLESALE CORPORATION (erroneously sued as LIVERMORE COSTCO #146)

15

16                    **UNITED STATES DISTRICT COURT**

17              **NORTHERN DISTRICT OF CALIFORNIA (OAKLAND)**

18

19 THOMAS SIMPSON AND SUE SIMPSON,          | CASE NO.: 4:24-cv-08707-HSG

20              Plaintiffs,                 | **STIPULATION AND ORDER**
                                           | **ALLOWING PLAINTIFFS TO FILE**
21        vs.                              | **FIRST AMENDED COMPLAINT FOR**
                                           | **DAMAGES** (as modified)
22                                         |
   ICON HEALTH & FITNESS, INC.;  IFIT,
23 INC.; NORDIC TRACK; LIVERMORE
   COSTCO #146 and DOES 1 through 100, inc.,
24
25
              Defendants.
26
27

28

Pursuant to *Federal Rule of Civil Procedure* 15(a)(2), Plaintiffs THOMAS SIMPSON and SUE SIMPSON (collectively, "Plaintiffs"), and Defendants iFIT, INC. (f/k/a ICON HEALTH & FITNESS, INC.) and COSTCO WHOLESALE CORPORATION (erroneously sued as LIVERMORE COSTCO #146) (collectively, "Defendants"), through their undersigned counsel, hereby stipulate and agree as follows:

**WHEREAS** on October 22, 2024, Plaintiffs filed a Complaint for Damages in the Superior Court of the State of California for the County of Alameda (the "Complaint") alleging product liability and related claims against Defendants seeking damages arising from personal injuries sustained by plaintiff THOMAS SIMPSON when he fell from a moving NordicTrack treadmill.

**WHEREAS** on December 3, 2024, defendant COSTCO WHOLESALE CORPORATION removed this action to this Court.

**WHEREAS** on September 26, 2025, the parties filed their Stipulation for Dismissal without Prejudice of Defendant NordicTrack, Inc.

**WHEREAS** this matter is currently set for trial on March 30, 2026.

**WHEREAS** Plaintiffs seek to file their First Amended Complaint for Damages, which (1) add ROCKY MOUTAIN FITNESS REPAIR, LLC, a Utah limited liability company, as a defendant and allegations stating two causes of action against that entity for negligence and breach of warranty of good and workmanlike service and (2) to remove NordicTrack, Inc. (erroneously sued as Nordic Track as a defendant in the case.

**WHEREAS** a copy of Plaintiffs' proposed First Amended Complaint for Damages is attached hereto as **EXHIBIT "A."**

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

**STIPULATION AND ORDER TO AMEND COMPLAINT**
**Case No.: 4:24-cv-08707-HSG**

**IT IS HEREBY STIPULATED**, by and between Plaintiffs and Defendants, by and through their respective counsel, that:

1.    Plaintiffs should be granted leave to amend to file her First Amended Complaint for Damages, a copy of which is attached hereto as **EXHIBIT "A."**

2.    Defendants' responsive pleading shall be due thirty (30) days after the First Amended Complaint for Damages is filed.

3.

**DATED:  September 26, 2025**         **LAW OFFICE OF BRYMAN & APELIAN**


By:   _s/  Andrew C. Bryman_
           Andrew C. Bryman
           Brenden M. Norton
           Attorneys for Plaintiffs, THOMAS SIMPSON and
           SUE SIMPSON


**Dated:  September 26, 2025**          **LITTLETON JOYCE UGHETTA & KELLY LLP**


By:   _s/ David B. Van Etten_
           David B. Van Etten
           Keith A. Sipprelle
           Attorneys for Defendants, iFIT, INC. (f/k/a
           ICON HEALTH & FITNESS, INC.) and
           COSTCO WHOLESALE CORPORATION
           (erroneously sued as LIVERMORE COSTCO
           #146

**STIPULATION AND ORDER TO AMEND COMPLAINT**
**Case No.: 4:24-cv-08707-HSG**

# EXHIBIT A

Andrew C. Bryman, Esq. (SBN#97457)
Email: Andrew@LawyersBA.com;
Brenden M. Norton, Esq. (SBN# 297033)
Email: Bnorton000@gmail.com;
**LAW OFFICE OF BRYMAN & APELIAN**
A Professional Corporation
28632 Roadside Drive, Suite 200
Agoura Hills, CA  91303
Telephone:     (818) 225-5151
Facsimile:      (818) 225-5155
Email: Acbsecretary@LawyersBA.com
*Attorneys for* Plaintiffs, THOMAS SIMPSON and SUE SIMPSON

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (Oakland)

| | |
|---|---|
| THOMAS SIMPSON and SUE SIMPSON<br><br>Plaintiffs,<br><br>v.<br><br>IFIT, INC.; COSTCO WHOLESALE CORPORATION; ROCKY MOUNTAIN FITNESS REPAIR, LLC; and DOES 1 through 100, inclusive,<br><br>Defendants. | **CASE NO.: 4:24-CV-08707-HSG**<br><br>**FIRST AMENDED COMPLAINT (FAC) FOR DAMAGES FOR:**<br><br>1. Negligence<br>2. Strict Product Liability<br>3. Negligence Product Liability<br>4. Breach of Express and Implied Warranties<br>5. Breach of Express and Implied Warranty of Repair and Service<br>6. Loss of Consortium<br><br>**DEMAND FOR JURY TRIAL**<br><br>[UNLIMITED CIVIL ACTION] |

Plaintiffs, THOMAS SIMPSON and SUE SIMPSON, hereby allege as follows:

## <u>GENERAL ALLEGATIONS</u>

Plaintiff, THOMAS SIMPSON and SUE SIMPSON by and through the undersigned counsel, hereby brings this Complaint for Damages against Defendants' IFIT, INC.; COSTCO WHOLESALE CORPORATION; ROCKY MOUNTAIN FITNESS REPAIR, LLC; and DOES 1 through 100, inclusive.

1.     Plaintiffs THOMAS SIMPSON and SUE SIMPSON are now, and at all times mentioned herein were, residents of the County of Alameda, State of California.

2.     Plaintiffs are informed and believe and thereon alleges that at all time relevant hereto, Defendant IFIT, INC.; and DOES 1 through 100, inclusive and each of them, are believed to be a corporation, organized and existing under and by virtue of the laws of the State of Utah and were doing business on and before June 6, 2024 throughout the state of Utah including at 1500 South 1000 West, Logan, UT 84321.

3.     Plaintiffs are informed and believes and thereon alleges that at all time relevant hereto, Defendant COSTCO WHOLESALE CORPORATION and DOES 1 through 100, inclusive, and each of them, are believed to be a corporation, organized and existing under and by virtue of the laws of the State of California and were doing business on and before June 6, 2024 throughout the state of California including at 2800 Independence Drive, Livermore, CA 94551.

4.     Plaintiffs are informed and believe and thereon alleges that at all times relevant herein, Defendant ROCKY MOUNTAIN FITNESS, LLC, and DOES 1 through 100, inclusive, and each of them, are believed to be a Utah corporation, organized and existing under and by virtue of the laws of the State of Utah and were doing business on or before June 6, 2024, throughout the State of Utah, including 1198 S. Hoytsville Road, Coalville, UT 84017. Defendant ROCKY MOUNTAIN FITNESS REPAIR LLC was doing business in the State of California on and before June 6, 2024, including providing repair and maintenance services to Plaintiffs.

5.     IFIT, INC. has its principal office at 1500 South 1000 West, Logan, UT 84321.

6.     ROCKY MOUNTAIN FITNESS REPAIR, LLC has its principal office at 1198 S. Hoytsville Road, Coalville, UT 84017.

7.     COSTCO WHOLESALE CORPORATION has its principal office at 2800 Independence Drive, Livermore, CA 94551.

8.     At this time, Plaintiffs are ignorant of true names or capacities, whether individual, corporate, associate or otherwise, of the fictitiously named Defendants DOES 1 through 100, inclusive, who therefore sues said persons by such fictitious names.  When such time as the true names and capacities of the fictitiously named Defendants, and each of them, are ascertained,

1  Plaintiffs will ask leave of the court to amend this Complaint to insert their true names and

2  capacities.

3       9.    Plaintiffs are informed and believe and based thereon allege that each of the

4  Defendants designated herein as Does 1 through 100 is responsible in some manner for the events

5  and happenings herein referred to and negligently, wantonly, recklessly, tortuously and/or

6  unlawfully proximately caused injuries and damages thereby to Plaintiff, as herein alleged.

7       10.    Plaintiffs are informed and believe and based thereon allege that at all times herein

8  mentioned each of the Defendants sued herein as a DOE was the agent and employee of each of

9  the other Defendants and was at all times acting within the purpose and scope of such agency and

10  employment.

11       11.    The incident giving rise to Plaintiff Thomas Simpson's injuries occurred on June

12  6, 2024.  Plaintiff Thomas Simpson was walking on his Nordic Tack treadmill (purchased from

13  COSTCO WHOLESALE CORPORATION'S COSTCO Store at 2800 Independence Drive,

14  Livermore, CA 94551) within the Plaintiffs' residence located at 16659 Springbrook Lane, Castro

15  Valley, CA 94552, when the treadmill inadvertently and unintentionally had a speed surge causing

16  the Plaintiff to fall off of the treadmill and to forcefully contact the moving belt causing him to

17  suffer a third degree burn.  The subject product is a Nordic Track Elite 1000 treadmill; Model

18  Number: NTL89122.0; Serial No.: PP340C0002006 (hereafter "subject treadmill").

19       12.    As a direct result and consequence of the negligent acts/omissions of each of the

20  Defendants herein described, Plaintiffs have been damaged in an amount in excess of the

21  jurisdictional minimum of this Court.

22

23      **FIRST CAUSE OF ACTION BY PLAINTIFF THOMAS SIMPSON**

24  **AGAINST DEFENDANTS IFIT, INC.; ROCKY MOUTNAIN FITNESS REPAIR, LLC;**

25      **and DOES 1 through 100, INCLUSIVE**

26      **FOR NEGLIGENCE**

27       13.    Plaintiffs incorporate by reference herein paragraphs 1 through 12, inclusive, of

28  this Complaint.

14.    At all times herein mentioned, Defendant IFIT, INC.; Defendant ROCKY MOUTNAIN FITNESS REPAIR, LLC; and DOES 1 through 100, inclusive, were and are maintenance and repair companies specializing in Treadmill service.  On multiple occasions before the date of Plaintiff Thomas Simpson's incident, Defendants went to the premises of Plaintiffs' residence where the subject treadmill was located for service calls. These services calls related to complaints concerning inadvertent and unintentional speed surges of the subject treadmill.  Services were performed pursuant to an Extended Service Plan, which included Defendant ROCKY MOUNTAIN FITNESS REPAIR, LLC being sent to perform repair, maintenance, and service to, on, and upon the subject treadmill concerning the speed surge issue. These Defendants promised the Plaintiffs competent, workmanlike service to fix, remedy, correct, repair, and to return the subject treadmill to its safe and usable condition, and the Plaintiffs relied on their representation regarding Defendants' services.

15.    Defendant IFIT, INC. and Defendant ROCKY MOUNTAIN FITNESS REPAIR, LLC, represented that they specialized in the repair, maintenance, and service of Treadmills, including the subject treadmill owned by Plaintiffs. Defendants IFIT, INC. and Defendant ROCKY MOUNTAIN FITNESS REPAIR, LLC had the duty of reasonable care in the performance of and rendering of their services to, on, and upon the subject treadmill. Defendants' negligent performance of their maintenance and repair services on the subject treadmill resulted in Plaintiff Thomas Simpson sustaining serious injuries, when the subject treadmill had a speed surge incident. Before the subject incident that injured Plaintiff occurred, Defendant ROCKY MOUNTAIN FITNESS REPAIR, LLC undertook the responsibility to perform repair, maintenance, and service to the subject treadmill, including rectifying the speed surge issue that was the subject of Plaintiffs' previous service calls. Unfortunately, Defendants' negligent servicing of the subject treadmill failed to eliminate or rectify the speed surge issue, and as a direct result of Defendants' negligence Plaintiff Thomas Simpson sustained serious injuries when a speed surge occurred while he was actively using the subject treadmill. The unexpected speed surge caused him to fall forcefully onto the treadmill's rapidly moving belt which caused Plaintiff Thomas Simpson to sustain severe third-degree burns and to suffer great mental and physical pain

1  and suffering.

2      16.    As a direct result of the negligence, carelessness, and/or unlawful conduct of

3  Defendant IFIT, INC.; Defendant ROCKY MOUNTAIN FITNESS REPAIR, LLC; and DOES 1

4  through 100, inclusive, the services, including repair and maintenance, to the subject treadmill

5  were performed negligently, carelessly, without due and reasonable care, and did not eliminate

6  and did not rectify the speed surge issue which resulted in the subject incident that injured Plaintiff

7  Thomas Simpson.

8      17.    Plaintiff Thomas Simpson's resulting injuries have caused and continue to cause

9  him to suffer great physical, mental, emotional, and nervous pain and suffering and mental

10  anguish, all to his general damage in a sum which has yet to be ascertained. Plaintiff Thomas

11  Simpson's injuries necessitated he receive medical care and treatment for his injuries. Plaintiff

12  Thomas Simpson was compelled to employ and did employ physicians and surgeons to treat and

13  care for his injuries and did necessarily become hospitalized and did necessarily incur and will in

14  the future incur expenses for physicians and surgeons, hospitalizations and hospital facilities,

15  nurses, x-rays, medicines, medical supplies, and other medically related expenses according to

16  proof at trial.

17      18.    As a direct result of the negligence, carelessness, and/or unlawful conduct of

18  Defendants IFIT, INC.; ROCKY MOUNTAIN FITNESS REPAIR, LLC; and DOES 1 through

19  100, inclusive, Plaintiff Thomas Simpson did necessarily incur, and in the future will incur,

20  incidental expenses and damages according to proof at trial.

21      19.    As a direct result of the negligence of Defendants IFIT, INC.; ROCKY

22  MOUNTAIN FITNESS REPAIR, LLC; and DOES 1 through 100, inclusive, Plaintiff Thomas

23  Simpson's injuries prevent him from attending to his usual occupation, and Plaintiff is informed

24  and believes, and thereon alleges, that he will be prevented from attending to his usual occupation

25  for a period in the future thereby sustaining loss of earnings and earning capacity.

26      / / / /

27      / / / /

28      / / / /

**SECOND CAUSE OF ACTION BY PLAINTIFF THOMAS SIMPSON**

**AGAINST DEFENDANTS IFIT, INC.; COSTCO WHOLESALE CORPORATION; and**

**DOES 1 through 100, inclusive,**

**FOR STRICT PRODUCT LIABLITY**

20.     Plaintiff incorporates by reference herein paragraphs 1 through 21, inclusive, of this First Amended Complaint (FAC).

21.     At all times herein mentioned, Defendants IFIT, INC.; COSTCO WHOLESALE CORPORATION; and DOES 1 through 100, inclusive, were and are, the manufacturer, designer, and/or seller of the subject treadmill.

22.     The aforementioned treadmill was not properly manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, leased, modified, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, maintained, or repaired the Subject treadmill. Said treadmill, Nordic Track Elite 1000 treadmill; Model Number: NTL89122.0; Serial No.: PP340C0002006 had inherent defects both in design and manufacturing due to, among other things, the following: Defendant provided the Subject treadmill, which as a consequence of a defect in design and or manufacturing, allowed speed surges which were unexpected by the user, causing Plaintiff Thomas Simpson to be thrown from the treadmill when it was being used in a foreseeable manner.  The fall sequence caused Plaintiff Thomas Simpson's leg to strike the belt on the treadmill as it was running causing third degree burns to Plaintiff Thomas Simpson, who is diabetic.  Said treadmill did not incorporate appropriate safety guards and/or safety devices and warnings, including, but not limited to electrical and/or mechanical components to prevent speed surges.

23.     Defendants IFIT, INC.; COSTCO WHOLESALE CORPORATION; and DOES 1 through 100, inclusive, and each of them, knew that the treadmill, was to be purchased, and used without inspection for defects, by users and the general public.

24.     Said treadmill was unsafe for its intended use by reason of defects in its design and or manufacture in that when the subject treadmill was used by Plaintiff as intended, or in a reasonably foreseeable manner, the treadmill caused serious injuries and damages, as hereinabove

1  set forth, due to the following defects: Said treadmill did not incorporate appropriate safety guards

2  and/or safety devices or warnings and lacked other appropriate feasible, practical and desirable

3  safety guards and/or safety devices to prevent injury and speed surges.  Said defects made the

4  treadmill dangerous, defective, hazardous and unsafe for its intended use by Plaintiff or for

5  reasonably foreseeable misuses.    Defendants IFIT, INC.; COSTCO WHOLESALE

6  CORPORATION; and DOES 1 through 100, inclusive, expressly and impliedly promised to the

7  user and/or consumer that said product and/or its component parts was safe for the use for which

8  it was intended.  The product did not perform the way a consumer would expect and the benefits

9  of the design were outweighed by the risk of injury.

10         25.    Plaintiffs relied on the skill and judgment of Defendants IFIT, INC.; COSTCO

11  WHOLESALE CORPORATION; and DOES 1 through 100, inclusive, and each of them. Plaintiff

12  was a user of the treadmill, and on the date previously mentioned was using the subject treadmill

13  in a foreseeably intended manner.

14         26.    As a proximate result of the breach above, Plaintiff sustained the injuries and

15  damages previously set forth.

16

17         **THIRD CAUSE OF ACTION BY PLAINTIFF THOMAS SIMPSON**

18         **AGAINST DEFENDANTS IFIT, INC.; COSTCO WHOLESALE**

19  **CORPORATION; ROCKY MOUNTAIN FITNESS REPAIR, LLC; and DOES 1 through**

20                           **100, inclusive,**

21              **FOR NEGLIGENCE PRODUCT LIABLITY**

22         27.    Plaintiff incorporates by reference herein paragraphs 1 through 28, inclusive, of

23  this First Amended Complaint.

24         28.    Defendants IFIT, INC.; COSTCO WHOLESALE CORPORATION; ROCKY

25  MOUNTAIN FITNESS REPAIR, LLC; and DOES 1 through 100, inclusive, were and are, the

26  manufacturer, designer, seller, and servicer of the subject treadmill.

27         29.    At all times herein mentioned, Defendants IFIT INC.; COSTCO WHOLESALE

28  CORPORATION; ROCKY MOUNTAIN FITNESS REPAIR, LLC; and DOES 1 through 100,

inclusive, distributed, sold, provided, and serviced the subject treadmill. At all times herein Defendants IFIT, INC.; COSTCO WHOLESALE CORPORATION; ROCKY MOUNTAIN FITNESS REPAIR, LLC; and DOES 1 through 100, inclusive,  had a duty to properly design, manufacture, sell, test, use, operate, maintain, repair, modify, evaluate for safety, inspect, service, and warn regarding the subject treadmill, and its component parts, which caused Plaintiff's injuries.

30.    At all times herein mentioned, Defendants IFIT INC.; COSTCO WHOLESALE CORPORATION; ROCKY MOUNTAIN FITNESS REPAIR, LLC; and DOES 1 through 100, inclusive, knew or in the exercise of reasonable care should have known, that said Defendants' treadmill was negligently repaired, serviced, designed, manufactured, sold, tested, leased, modified, inspected, maintained, used, operated, contained inadequate warnings, was not safe, and did not incorporate a reasonably safe design when used in a foreseeable manner.

31.    At all times herein mentioned, Defendants IFIT INC.; COSTCO WHOLESALE CORPORATION; ROCKY MOUNTAIN FITNESS REPAIR, LLC; and DOES 1 through 100, inclusive, so negligently designed, manufactured, repaired, serviced, sold, tested, inspected, modified, maintained, used, operated, repaired and warned regarding Defendants' treadmill that said product was defective, dangerous and unsafe for the respective use and purpose for which it was intended when used by reasonably foreseeable users.  Plaintiff Thomas Simpson relied on the Defendants to provide a safe treadmill and Defendants promised to do so.

32.    Defendants provided the Subject treadmill, which as a consequence of a defect in design and/or manufacture, allowed speed surges which were unexpected by the user causing Plaintiff Thomas Simpson to be thrown from the treadmill when it was being used in a foreseeable manner.  The fall sequence caused Plaintiff Thomas Simpson leg to strike the belt on the treadmill as it was running causing third degree burns to Plaintiff Thomas Simpson, who is diabetic.  Said treadmill did not incorporate appropriate safety guards and/or safety devices and warnings, including, but not limited to, speed limiting safety device to prevent speed surges.

33.    Defendants IFIT, INC.; COSTCO WHOLESALE CORPORATION; ROCKY MOUNTAIN FITNESS REPAIR, LLC; and DOES 1 through 100, inclusive, specialized in the

construction, care, use, operation, design, and maintenance, service, and repairs of the subject treadmill and held themselves out as being experts in regard to this type of equipment and the maintenance, servicing, and repairing. Before the date of the subject incident, and pursuant to the Extended Service Agreement, Defendant ROCKY MOUNTAIN FITNESS REPAIR, LLC attempted to perform certain service, maintenance, and repair work to the subject treadmill in response to a service call requested by Plaintiff Thomas Simpson due to the unexpected speed surge issue. Defendant ROCKY MOUNTAIN FITNESS REPAIR, LLC so negligently performed the service, maintenance, repair work to the subject treadmill that Defendant ROCKY MOUNTAIN failed to eliminate and failed to rectify the speed surge issue. Defendant ROCKY MOUNTAIN FITNESS REPAIR, LLC failed to perform the service, maintenance, and repair work to the subject treadmill in a good and workmanlike manner. The negligent repair and maintenance service performed by Defendant ROCKY MOUNTAIN FITNESS REPAIR, LLC and DOES 1 through 100, inclusive, and each of them to the subject treadmill resulted in the speed surge recurring on the date of the subject incident when a speed surge caused Plaintiff Thomas Simpson to fall onto the moving belt and suffer severe third-degree burns.

34.     As a direct result of the negligence, carelessness and/or unlawful conduct of Defendants IFIT, INC.; COSTCO WHOLESALE CORPORATION; ROCKY MOUNTAIN FITNESS REPAIR, LLC; and DOES 1 through 100, inclusive, Plaintiff Thomas Simpson sustained severe injury to his leg. Plaintiff Thomas Simpson is informed and believes, and upon such information and belief alleges, that all these injuries have caused and continue to cause him great physical, mental and nervous pain and suffering and mental anguish, all to her general damage in a sum which has yet to be ascertained.

35.     As a direct result of the negligence, carelessness, and/or unlawful conduct of Defendants IFIT, INC.; COSTCO WHOLESALE CORPORATION; ROCKY MOUNTAIN FITNESS REPAIR, LLC; and DOES 1 through 100, inclusive, Plaintiff Thomas Simpson was compelled to employ and did employ physicians and surgeons to treat and care for his, and did necessarily become hospitalized and did necessarily incur and will in the future incur expenses for physicians and surgeons, hospitalizations and hospital facilities, nurses, x-rays, medicines,

1    medical supplies, and other medically related expenses according to proof at trial.

2      36.    As a direct result of the negligence, carelessness, and/or unlawful conduct of

3    Defendants IFIT, INC.; COSTCO WHOLESALE CORPORATION; ROCKY MOUNTAIN

4    FITNESS REPAIR, LLC; and DOES 1 through 100, inclusive, and the injuries caused thereby as

5    aforesaid, Plaintiff Thomas Simpson did necessarily incur, and in the future will incur, incidental

6    expenses and damages according to proof at trial.

7

8          **FOURTH CAUSE OF ACTION BY PLAINTIFF THOMAS SIMPSON**

9    **AGAINST DEFENDANTS IFIT, INC.; COSTCO WHOLESALE CORPORATION; and**

10              **DOES 1 through 100, inclusive,**

11          **FOR BREACH OF EXPRESS AND IMPLIED WARRANTIES**

12      37.    Plaintiffs incorporate by reference herein paragraphs 1 through 39, inclusive, of

13    this Complaint.

14      38.    At all times mentioned herein, on and prior to the date that the subject treadmill,

15    was used, Defendants improper design made it dangerous and hazardous.   IFIT, INC.; COSTCO

16    WHOLESALE CORPORATION; and DOES 1 through 100, inclusive, expressly and impliedly

17    warranted to the user that said product and/or its component parts was of merchantable quality

18    and safe for the use for which it was intended.

19      39.    Plaintiff relied on the skill and judgment of Defendants IFIT, INC.; COSTCO

20    WHOLESALE CORPORATION; and DOES 1 through 100, inclusive, and each of them, and on

21    the express and implied warranties of the Defendant, and each of them, as a user of the treadmill

22    and on the date previously mentioned Plaintiff Thomas Simpson walking on his Nordic Track

23    Elite 1000 treadmill when an unexpected speed surge caused Plaintiff Thomas Simpson to be

24    thrown from the treadmills striking the moving belt causing a third degree burn when the treadmill

25    was being used in a foreseeably intended manner.

26      40.    Said treadmill was not safe for its intended use, or of merchantable quality as

27    warranted by Defendants IFIT, INC.; COSTCO WHOLESALE CORPORATION; and DOES 1

28    through 100, inclusive, and each of them, in that upon normal use said product injured, as

1  previously set forth.  Defendants, and each of them, have been given notice of said breach of

2  warranties with the filing of this action.

3      41.    As a proximate result of the breach of said express and implied warranties, Plaintiff

4  Thomas Simpson sustained the injuries and damages previously set forth.

5

6  **FIFTH CAUSE OF ACTION BY PLAINTIFF THOMAS SIMPSON**

7  **AGAINST DEFENDANT ROCKY MOUNTAIN FITNESS REPAIR, LLC; and**

8  **DOES 1 through 100, inclusive,**

9  **FOR BREACH OF EXPRESS AND IMPLIED WARRANTIES**

10  **FOR REPAIR AND MAINTENANCE**

11      42.    Plaintiffs incorporate by reference herein paragraphs 1 through 44, inclusive, of

12  this First Amended Complaint.

13      43.    At all times herein mentioned, Defendant ROCKY MOUTNAIN FITNESS

14  REPAIR, LLC; and DOES 1 through 100, inclusive, were and are maintenance and repair

15  companies specializing in Treadmill repair and maintenance service.  On multiple occasions

16  before the date of Plaintiff Thomas Simpson's incident, Defendants went to the premises of

17  Plaintiffs' residence where the subject treadmill was located for service calls. These services calls

18  related to complaints concerning inadvertent and unintentional speed surges of the subject

19  treadmill. Services were performed pursuant to an Extended Service Plan, which included

20  Defendant ROCKY MOUNTAIN FITNESS REPAIR, LLC being sent to perform repair,

21  maintenance, and service to, on, and upon the subject treadmill concerning the speed surge issue.

22  Defendant promised the user, Plaintiff Thomas Simpson, competent, workmanlike service to fix,

23  remedy, correct, repair, and to return the subject treadmill to its safe and usable condition, and the

24  Plaintiff relied on their representation regarding Defendant's services.

25      44.    At all times mentioned herein, Defendant ROCKY MOUNTAIN FITNESS

26  REPAIR LLC; and DOES 1 through 100, inclusive, expressly and impliedly warranted to the

27  user, Plaintiff Thomas Simpson that pursuant to the Extended Service Plan purchased by Plaintiff

28  Thomas Simpson, the repair and maintenance of the subject product   to be performed by

11

1   Defendant ROCKY MOUNTAIN FITNESS REPAIR, LLC would be completed in a good and

2   workmanlike manner, pursuant to the Express and Implied Warranties for the Repair and

3   Maintenance of the Extended Service Plan to return the subject treadmill to its safe and usable

4   condition to be safe for the use for which it was intended.

5        45.    Plaintiff relied on the skill and judgment of Defendants ROCKY MOUTNAIN

6   FITNESS REPAIR, LLC; and DOES 1 through 100, inclusive, and each of them, and on the

7   express and implied warranties of the Defendants, and each of them, as a user of the treadmill;

8   and on the date previously mentioned Plaintiff Thomas Simpson while walking on his Nordic

9   Track Elite 1000 treadmill when an unexpected speed surge caused Plaintiff Thomas Simpson to

10   be thrown from the treadmill striking the moving belt causing a third degree burn when the

11   treadmill was being used in a foreseeably intended manner.

12        46.    Defendant ROCKY MOUNTAIN FITNESS REPAIR, LLC, represented that they

13   specialized in the repair, maintenance, and service of Treadmills, including the subject treadmill

14   owned by Plaintiff. Defendants ROCKY MOUNTAIN FITNESS REPAIR, LLC had the duty of

15   reasonable care in the performance of and rendering of their repair and maintenance services to,

16   on, and upon the subject treadmill. Defendants' negligent performance of their maintenance and

17   repair services on the subject treadmill, which were not of good and workmanlike quality and

18   thereby breached the express and implied warranties of repair and maintenance, resulted in

19   Plaintiff Thomas Simpson sustaining serious injuries, when the subject treadmill had a speed

20   surge incident. Before the subject incident that injured Plaintiff occurred, Defendant ROCKY

21   MOUNTAIN FITNESS REPAIR, LLC undertook the responsibility to perform repair,

22   maintenance, and service to the subject treadmill, including rectifying the speed surge issue that

23   was the subject of Plaintiffs' previous service calls. Unfortunately, Defendants' negligent and

24   unworkmanlike servicing of the subject treadmill failed to eliminate or rectify the speed surge

25   issue, and as a direct result of Defendants' negligence and unworkmanlike repair and

26   maintenance, Plaintiff Thomas Simpson sustained serious injuries when a speed surge occurred

27   while he was actively using the subject treadmill. The unexpected speed surge caused him to fall

28   forcefully onto the treadmill's rapidly moving belt which caused Plaintiff Thomas Simpson to

1  sustain severe third-degree burns to his body and to suffer great mental and physical pain and

2  suffering.

3      47.    As a direct result of the negligence, carelessness, and/or unlawful conduct of

4  Defendant IFIT, INC.; Defendant ROCKY MOUNTAIN FITNESS REPAIR, LLC; and DOES 1

5  through 100, inclusive, the services, including repair and maintenance, to the subject treadmill

6  were performed negligently, carelessly, without due and reasonable care, were not good and

7  workmanlike, and did not eliminate and did not rectify the speed surge issue which resulted in the

8  subject incident that injured Plaintiff Thomas Simpson.

9      48.    Said Defendants ROCKY MOUNTAIN FITNESS REPAIR, LLC and DOES 1

10  through 100, inclusive, and each of them, breached the express and implied warranty of repair

11  and maintenance set forth in the Extended Service Plan by failing to competently perform the

12  repair and maintenance service in a good and workmanlike manner. Defendant ROCKY

13  MOUNTIAN FITNESS REPAIR, LLC failed to rectify, fix, correct, and/or repair the condition

14  of the unexpected speed surge that was the subject of the Service Call work provided by Defendant

15  ROCKY MOUNTAIN FITNESS REPAIR, LLC before the subject incident. Due to and as a result

16  of the poor, improper, and unworkmanlike repair and maintenance service provided by Defendant

17  ROCKY MOUNTAIN FITNESS REPAIR, LLC and DOES 1 through 100, inclusive, and each

18  of them, upon normal use by Plaintiff said product injured Plaintiff when an unexpected speed

19  surge occurred, as previously set forth.  Defendants, and each of them, have been given notice of

20  said breach of warranties with the filing of this action.

21      49.    Plaintiff Thomas Simpson's resulting injuries have caused and continue to cause

22  him to suffer great physical, mental, emotional, and nervous pain and suffering and mental

23  anguish, all to his general damage in a sum which has yet to be ascertained. Plaintiff Thomas

24  Simpson's injuries necessitated he receive medical care and treatment for his injuries. Plaintiff

25  Thomas Simpson was compelled to employ and did employ physicians and surgeons to treat and

26  care for his injuries and did necessarily become hospitalized and did necessarily incur and will in

27  the future incur expenses for physicians and surgeons, hospitalizations and hospital facilities,

28  nurses, x-rays, medicines, medical supplies, and other medically related expenses according to

1  proof at trial.

2    50.    As a direct result of the breach of warranty by, and negligence, carelessness, and/or

3  unlawful conduct of Defendants ROCKY MOUNTAIN FITNESS REPAIR, LLC; and DOES 1

4  through 100, inclusive, Plaintiff Thomas Simpson did necessarily incur, and in the future will

5  incur, incidental expenses and damages according to proof at trial.

6    51.    As a direct result of the negligence of Defendants ROCKY MOUNTAIN

7  FITNESS REPAIR, LLC; and DOES 1 through 100, inclusive, Plaintiff Thomas Simpson's

8  injuries prevent him from attending to his usual occupation, and Plaintiff is informed and believes,

9  and thereon alleges, that he will be prevented from attending to his usual occupation for a period

10  in the future thereby sustaining loss of earnings and earning capacity.

11    52.    As a proximate result of the breach of said express and implied warranties, Plaintiff

12  Thomas Simpson sustained the injuries and damages previously set forth.

13

14    **SIXTH CAUSE OF ACTION BY PLAINTIFF SUE SIMPSON**

15    **AGAINST DEFENDANTS IFIT, INC.; COSTCO WHOLESALECORPORATION;**

16    **ROCKY MOUNTAIN FITNESS REPAIR, LLC; and**

17    **DOES 1 through 100, inclusive,**

18    **FOR LOSS OF CONSORTIUM**

19    53.    Plaintiffs incorporates by reference herein paragraphs 1 through 55, inclusive, of

20  this Complaint.

21    54.    Plaintiff Sue Simpson is the wife of Plaintiff Thomas Simpson.

22    55.    Prior to the injuries suffered by Plaintiff Thomas Simpson, as alleged herein,

23  Plaintiff Thomas Simpson was able to and did perform all marital duties of a husband.

24    56.    As a direct legal result of the conduct of Defendants, and each of them, as described

25  above, Plaintiff Thomas Simpson sustained severe and permanent injuries to his person.

26    57.    By reason of the injuries suffered by Plaintiff Thomas Simpson, he has been, and

27  will continue to be, unable to perform certain marital duties and Plaintiff Sue Simpson has

28  suffered, and is certain to suffer in the future, a loss of spousal consortium including, but not

limited to, a loss of her husband's comfort, companionship, affection, society, solace and moral support; loss of sexual relations; and loss of his physical assistance in the operation and maintenance of the home in an amount according to proof.

**WHEREFORE**, Plaintiffs pray for judgment against all Defendants, and each of them and DOES 1 through 100, as follows:

### FIRST THROUGH FIFTH CAUSES OF ACTION:

1. General damages for injuries to Plaintiff's mind and body according to proof;

2. Medical expenses, both past and future, according to proof;

3. Incidental expenses and damages according to proof;

4. Interest from the date of accident according to proof;

5. For costs of suit incurred;

6. This is an action for the breach of an obligation not arising from a contract, and Plaintiff therefore, pursuant to California Code Section 3288, seek interest in the discretion of the jury; and

7. For such other and further relief as the Court deems just and proper;

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

**FIRST AMENDED COMPLAINT (FAC) FOR DAMAGES;
DEMAND FOR JURY TRIAL**

## SIXTH CAUSE OF ACTION

1.  General damages for loss of consortium according to proof;

2.  Incidental expenses and damages according to proof.

3.  Interest from the date of accident according to proof;

4.  Costs of suit incurred; and

5.  For such other and further relief as the Court deems just and proper.

**DATED**: <u>September 22, 2024</u>        **LAW OFFICE OF BRYMAN & APELIAN**
A Professional Corporation

By: _____
ANDREW C. BRYMAN, ESQ.
BRENDEN M. NORTON, ESQ.
***Attorneys for*** Plaintiffs
THOMAS SIMPSON and SUE SIMPSON

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs, Thomas Simpson and Sue Simpson, hereby demand Trial by Jury.

**DATED**: <u>September 22, 2024</u>          **LAW OFFICE OF BRYMAN & APELIAN**
A Professional Corporation

By:  _____

ANDREW C. BRYMAN, ESQ.
BRENDEN M. NORTON, ESQ.
***Attorneys for*** Plaintiffs
THOMAS SIMPSON and SUE SIMPSON

## <u>ORDER</u>

The Court having reviewed the foregoing Stipulation, and good cause appearing therefore:

**IT IS HEREBY ORDERED** that Plaintiffs are granted leave to amend to file their First Amended Complaint for Damages, a copy of which is attached hereto as **EXHIBIT "A."**

**IT IS ALSO ORDERED** that Defendants' responsive pleading shall be due thirty (30) days after the First Amended Complaint for Damages is filed.

**IT IS FURTHER ORDERED** that counsel is directed to e-file the First Amended Complaint for Damages on the docket as a stand-alone filing.

**PURSUANT TO THE STIPULATION IT IS SO ORDERED.**

DATED: 9/30/2025

Hon. Haywood S. Gilliam, Jr.
United States District Court Judge